UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV1641 JCH |
| | ) | |
| MISSOURI STATE HIGHWAY PATROL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 515823), an inmate at Missouri Eastern Correctional Center ("MECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $13.03. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $65.17, and an average monthly balance of $3.54. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $13.03, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

**The Complaint**

Plaintiff, an inmate at MECC, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are:  the Missouri State Highway Patrol; Ronald S. Johnson (Captain, Missouri State Police); and Timothy S. Craig (State Police Officer).

On May 14, 2009, plaintiff was charged with a DWI, as a chronic offender, see Mo.Rev.Stat. § 577.010, and on February 16, 2010, he entered an Alford plea and was sentenced to seven years in the Missouri Department of Corrections  See State v. Green,  No.  09D8-CR00225-01,  Missouri.Case.Net, https://www.courts.mo.gov/casenet/cases.

In the instant complaint for monetary damages and injunctive relief, plaintiff asserts in a conclusory fashion that he was falsely arrested and maliciously prosecuted because he believes that defendant Craig, the arresting officer, gave false testimony in a pretrial deposition[1] and filed what he believed to be a false police report.

---

[1] Plaintiff believes that defendant Craig made a false arrest because in his pretrial deposition he was "warned about being under oath and was ask[ed] if he wished to change anything."  He further alleges that defendant stated several "false" things in his police report, of which plaintiff contests:  (1) his observations of plaintiff's vehicle in motion; (2) his observations of his contact with plaintiff and his reasons to walk back to the vehicle; (3) his observations relating to the field sobriety test; (4) his observations about plaintiff's statements about having alcohol to drink; and (5) his statements regarding reading plaintiff his rights.

Plaintiff states that defendant Johnson should be held liable for defendant Craig's actions because he "allowed Timothy Craig to operate a patrol vehicle that did not meet the standards or requirements put in place by federal and State statutes and laws of Missouri."[2]

Plaintiff additionally alleges that the prosecutor in his case, Unknown Inman, maliciously prosecuted plaintiff. He asserts that Mr. Inman "used an inadmissible city charge for enhancement factor, to a Class (B) felony, holding fifteen (15) years over plaintiff for leverage." Plaintiff has not made any formal allegations against Inman or named him as a defendant in the caption of the complaint.

Plaintiff additionally states that he believes his own unnamed criminal defense counsel was "ineffective" because she "would not investigate or collect evidence."

## Discussion

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995); Edwards v. Balisok,

---

[2]Plaintiff states that defendant Craig had his patrol vehicle for more than three weeks, which he believes was in violation of state regulations.

520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief); see also, Anderson v. Franklin County, Mo., 192 F.3d 1125, 1131 (8th Cir. 1999). As such, all of plaintiff's allegations fail to state a claim upon which relief may be granted and are subject to dismissal.

Further, the Court notes that to the extent plaintiff is seeking to overturn his conviction or sentence, those claims must be brought in habeas corpus. "[W]henever the challenge ultimately attacks the 'core of habeas' - the validity of the continued conviction or the fact or length of the sentence - a challenge. . .must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." Leamer v. Fauver, 288 F.3d 532, 542 (3rd Cir. 2002). However, habeas and § 1983 claims cannot be brought in a "mixed" petition such as this one.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $13.03 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include

upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 29th day of August, 2013.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE